

# MEMO ENDORSED

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/2/08
```

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Susan P. Scharfstein
*Special Federal Litigation Division*
212-227-4071
Facsimile: (212) 788-9776
sscharfs@law.nyc.gov

August 27, 2008

**BY HAND**
Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

```
RECEIVED IN CHAMBERS
OF NAOMI REICE BUCHWALD

AUG 27 2008

UNITED STATES DISTRICT JUDGE
```

Re:  <u>Livermore v. City of New York, et al.</u>, 08 CV 4442 (NRB)

Dear Judge Buchwald:

       I am an attorney in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, counsel for defendants City of New York, Martin Horn, and Prison Health Services, Inc. in the above-referenced action brought pursuant to 42 U.S.C. § 1983. Defendants respectfully request that their time to respond to the complaint be extended by sixty days from the current due date of September 2, 2008, to November 3, 2008. I have been unable to reach any of plaintiff's counsel who have appeared in this action by telephone to discuss plaintiff's consent to this request.

       There are several reasons for seeking an enlargement of time. In keeping with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint. In this action, plaintiff Hilda Livermore, as administratrix of the estate of her husband Oswald Livermore, and on her own behalf, alleges federal and state claims for relief for deliberate indifference, excessive force, and professional negligence against twenty defendants arising out of her husband's death on May 11, 2007, while in the custody of the New York City Department of Correction, related to his abuse of alcohol. This extension of time, if granted by the Court, will allow defendants to investigate plaintiff's detailed and specific allegations concerning a series of events that spanned two days following his arrest as a result of a domestic incident on May 9, 2007.

       Plaintiff has named in this action eighteen individual defendant medical providers and correction staff, many of whom are alleged to have been directly involved in the underlying

events that are alleged in the complaint. Based on plaintiff's allegations, those defendants had contact with Mr. Livermore at different times over a two-day period beginning just after his May 9, 2007 arrest, and continuing thereafter, encompassing several visits to the correctional facility clinic and various interactions in or around his assigned housing area with a number of defendant correction officers and non-party correction officers whose alleged actions are specifically referenced in the complaint. This extension will give plaintiff time in which to serve these defendants if she has not already done so. Without appearing or making any representations on their behalf, we respectfully request that they be granted the same extension of time in which to respond to the allegations of the complaint if and when they are served, in order to ensure that their defenses are not jeopardized while representation issues are being addressed. Moreover, once the individual defendants have been served, pursuant to Section 50-k of the New York General Municipal Law, the Corporation Counsel's office must determine, based on a review of the facts of the case, whether we may represent them. See Mercurio v. City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985)) (decision as to whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).

No previous request for an extension of time to respond to the complaint has been made by defendants City of New York, Martin Horn, or Prison Health Services, Inc. Accordingly, we respectfully request that all defendants' time to answer or otherwise respond to the complaint be extended to November 3, 2008, and that the initial conference be set for a date thereafter.

Thank you for your consideration herein.

Respectfully submitted,

Susan P. Scharfstein

cc: Jonathan Chasan, Esq.
The Legal Aid Society
199 Water Street, 6th Floor
New York, NY 10038
(by hand)

2