```
15NALIVCps
```

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

HILDA LIVERMORE,

                Plaintiff,

        v.                              08 CV 4442 (NRB)(AJP)

THE CITY OF NEW YORK,

                Defendant.

------------------------------x
                                        New York, N.Y.
                                        May 23, 2011
                                        4:50 p.m.
Before:

                    HON. ANDREW J. PECK

                                        Magistrate Judge


                        APPEARANCES

EMERY CELLI BRINCKERHOFF & ABADY, LLP
     Attorneys for Plaintiff
BY:  JONATHAN S. ABADY, ESQ.
     KATHERINE R. ROSENFELD, ESQ.
     -and-
THE LEGAL AID SOCIETY
     Attorneys for Plaintiff
BY:  JONATHAN S. CHASAN

MICHAEL A. CARDOZO
     Corporation Counsel for
     The City of New York
BY:  MURIEL GOODE-TRUFANT, ESQ.
     Chief, Special Federal Litigation Division
     HOWARD EISON, ESQ.
     SUSAN SCHARFSTEIN, ESQ.
     Assistant Corporation Counsel
```

15NALIVCps

1               (In open court)
2               THE COURT:  We are on the record in the case of Hilda
3    Livermore as administratrix of the estate, etc., v. the City of
4    New York, et al., 08 Civil 4442, to record the settlement that
5    the parties have just reached with the Court's assistance.
6               I ask counsel and the plaintiffs, Ms. Livermore and
7    her daughter, to pay careful attention as we go through the
8    terms of the settlement.  And at the end I'm going to be asking
9    counsel on both sides and Ms. Livermore if that is indeed the
10   settlement that they have reached.
11              I believe Ms. Trufant will be stating the terms of the
12   settlement.  You may proceed.
13              MS. TRUFANT:  Thank you, your Honor.
14              Paragraph 1:  The above-referenced action is dismissed
15   against defendants, with prejudice, without cost, expenses, or
16   attorney's fees in excess of the amount specified in paragraph
17   2.
18              Paragraph 2:  Defendant, City of New York, hereby
19   agrees to pay plaintiff, Hilda Livermore, the sum of $2
20   million, in full satisfaction of all claims, including claims
21   for cost, expenses, and attorney's fees.
22              In consideration for the payment of these sums,
23   plaintiff agrees to the dismissal of all claims against the
24   defendants and to release the defendants and any and all
25   present or former employees and agents of the City of New York

1   and Prison Health Services from any and all liability, claims,
2   or rights of action that were or could have been alleged in
3   this action, including claims for cost, expenses, and
4   attorney's fees.
5              Paragraph 3.  The plaintiff shall execute and deliver
6   to defendant City of New York's attorney all documents
7   necessary to effect this settlement, including without
8   limitation a general release based on the terms of paragraph 2
9   and an affidavit of status of lien.  If Medicare has provided
10  payment and/or benefits for any injury or condition that is the
11  subject of this lawsuit, prior to tendering the requisite
12  documents to effect this settlement, the plaintiff shall have
13  notified Medicare and shall submit with the settlement
14  documents a Medicare final demand letter for conditional
15  payment.  A Medicare set-aside trust may also be required if
16  future anticipated medical costs are found to be necessary
17  pursuant to 42 U.S.C. § 1395(y)(B) and 42 CFR §§ 411.22 through
18  411.26.
19             Paragraph 4.  Nothing contained herein shall be deemed
20  to be an admission by defendants that they have in any manner
21  or way violated the plaintiff's rights or the rights of any
22  other person or entity in the constitutions, statutes,
23  ordinances, rules, or regulations of the United States, the
24  State of New York, or the City of New York, or any other rules,
25  regulations, or bylaws of any department or subdivision of the

15NALIVCps

1  City of New York.  The stipulation of settlement in this case
2  shall not be admissible in, nor is it related to, any other
3  litigation or settlement negotiation.
4          Paragraph 5.  Nothing contained herein shall be deemed
5  to constitute a policy or practice of the City of New York or
6  any agency thereof.
7          Paragraph 6.  Plaintiff agrees to hold harmless
8  defendant regarding any liens or past or future Medicare
9  payment presently known or unknown in connection with this
10 matter.  If conditional and/or future anticipated Medicare
11 payments have not been satisfied, defendant reserves the right
12 to issue a multi-party settlement check naming Medicare as a
13 payee, or to issue a check to Medicare directly based upon
14 Medicare final demand letter.
15         Paragraph 7.  The stipulation and order in this case
16 contains all of the terms and conditions agreed upon by the
17 parties hereto, and no oral agreement entered into at any time
18 or any written agreement executed prior to the stipulation of
19 settlement regarding the subject matter in this proceeding
20 shall be deemed to exist or bind the parties or vary the terms
21 or conditions herein.
22         Thank you.
23         THE COURT:  All right.  And I take it both sides also
24 agree that I could enter an order of dismissal on consent under
25 my powers under 28 U.S.C. § 636(c), and then you can also file

1  the formal settlement agreement with the Court at a later time.
2              MS. TRUFANT:  One addition:  I indicated to
3  plaintiff's counsel that upon receipt of the signed settlement
4  agreements, we will endeavor to get the settlement check in 90
5  days or less.  We will endeavor to make it less.  But we would
6  promise --
7              THE COURT:  But otherwise the statutory terms as to
8  interest apply.
9              All right.  And you agree to these 636(c) issue,
10  Ms. Goode-Trufant?
11              MS. TRUFANT:  Yes, your Honor.
12              THE COURT:  And Mr. Abady.
13              MR. ABADY:  We consent as well, your Honor.
14              THE COURT:  All right.  Mr. Abady, while you're
15  almost -- I believe you are still standing -- on behalf of
16  Ms. Livermore and subject to her consent that I'm going to ask
17  for in a moment, do you as counsel of record for the plaintiff
18  agree to the terms of the settlement as it's been described, as
19  described to the reporter?
20              MR. ABADY:  Yes, that is correct.
21              THE COURT:  All right.  And Ms. Livermore, you have
22  gotten the advice of Mr. Abby, Mr. Chasan, and Ms. Werlwas in
23  connection with this lawsuit and this settlement, correct?
24              MS. LIVERMORE:  Correct.
25              THE COURT:  Do you understand the terms of the

1     settlement?

2          MS. LIVERMORE:  Yes, sir.

3          THE COURT:  Do you understand that the city will be

4     paying $2 million, and I don't know what your arrangement with

5     your attorneys are, but presumably you will be paying the

6     expenses of the litigation and whatever your arrangement was as

7     to attorney's fees, both to the Legal Aid Society and

8     Mr. Abady's firm?  Do you understand that?

9          MS. LIVERMORE:  Yes.

10         THE COURT:  And that the city will not be paying any

11    additional moneys for the attorneys's fees.  That will come out

12    of the $2 million.

13         MS. LIVERMORE:  Yes.

14         THE COURT:  And having heard the terms of the

15    settlement and gotten the advice of your attorneys, do you

16    agree to the terms of the settlement you've heard as described

17    to the court reporter?

18         MS. LIVERMORE:  Yes.

19         THE COURT:  All right.

20         Ms. Trufant on behalf of the city and Prison Health

21    Services and the other defendants, are you authorized by those

22    defendants and the comptroller's office to enter into the

23    settlement?

24         MS. TRUFANT:  I am, your Honor.

25         THE COURT:  And on behalf of the defendants, you agree

15NALIVCps

1 to the terms of the settlement?
2     MS. TRUFANT: I do, your Honor.
3     THE COURT: All right. Very good. You have a binding
4 settlement at this point.
5     Counsel for both sides are instructed to flip a coin
6 or arm-wrestle or do whatever you need to do to figure out
7 which of you is going to pay half or all for the court reporter
8 for the transcript.
9     With that -- and, Ms. Livermore, thank you for coming
10 up to the Court today. I know there was some issue about your
11 traveling up from Florida if I'm remembering right. And good
12 luck to you and your family.
13     MS. LIVERMORE: Thank you.
14     THE COURT: Thank you, to all counsel, for your
15 efforts.
16     MR. ABADY: Thank you, your Honor, for your help.
17     MR. CHASAN: Thank you, Judge.
18     THE COURT: We are adjourned.
19     MR. EISON: Thank you.
20                        o0o
21
22
23
24
25